**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN MURRY<br>1527 Pleasant Drive<br>Cherry Hill, NJ 08003<br><br>       Plaintiff,<br><br>   v.<br><br>MEDRISK, INC.<br>2701 Renaissance Blvd. #200<br>King of Prussia, PA 19406<br><br>      Defendant. | CIVIL ACTION NO:<br><br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Brian Murry ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant MedRisk, Inc. ("Defendant").

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA").  Defendant fired Plaintiff due to his disabilities, perceived disabilities, and/or because of his requests for accommodation, and/or his need to take protected FMLA leave, and/or to prevent plaintiff from taking further FMLA leave.  As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA.  This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5.     Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6.     Plaintiff has exhausted all administrative prerequisites to the filing of his ADA and PHRA claims.  Plaintiff has filed this action within 90 days of his receipt of a "Right to Sue" notice from the Equal Employment Opportunity Commission, which is dated November 6, 2017.

## PARTIES

7.     The foregoing paragraphs are incorporated herein as if set forth in full.

8.     Plaintiff is an adult individual, with an address as set forth in the caption.

9.     Defendant is a business entity that does business in Pennsylvania at the above captioned address.

10.    At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein as if set forth in full.

12.     Plaintiff suffers from bipolar disorder, which causes depression and anxiety.

13.     The above-mentioned medical conditions constitute "disabilities" within the meaning of the ADA and the PHRA, and they constitute "serious health conditions" within the meaning of the FMLA. The medical conditions will be referred to herein collectively as "disabilities."

14.     Plaintiff requires regular visits to his doctor for treatment and evaluation of his disabilities.

15.     In spite of the disabilities, Plaintiff's doctor has cleared him to work without restrictions.

16.     On or around November 1, 2004, Defendant hired Plaintiff as a Network Recruiter.

17.     In or around 2009, Defendant promoted Plaintiff to Network Development Supervisor.

18.     On or around August 8, 2016, Plaintiff contacted Defendant's Human Resource Director, Dawn Rhoads (hereafter "Director Rhoads"), to inform her of his disabilities and his need of a medical leave of absence for same.

19.     Defendant designated Plaintiff's leave as FMLA-qualified leave.

20.     At the time, Plaintiff was receiving treatment from his primary physician.

21.     Plaintiff was tentatively scheduled to return to work on or around October 18, 2016.

22.     While Plaintiff was on FMLA-qualified leave, Plaintiff's treating physician advised him that he should remain out of work for an additional 30 days to continue treatment of his disabilities.

3

23.     Plaintiff immediately contacted Director Rhoads to inform her of same.

24.     On or around November 2, 2016, Plaintiff contacted Director Rhoads to request that he return to work on or around November 3, 2016.

25.     Director Rhoads informed Plaintiff that he could return to work on or around November 3, 2016, so long as he submitted a note from his physician releasing him to full duty.

26.     Plaintiff also contacted his Supervisors, Jasmine Powell (hereafter "Supervisor Powell") and Michael Nicol (hereafter "Supervisor Nicol") and requested that he be permitted to leave early from his first shift back to work on or around November 3, 2016.

27.     Plaintiff had requested to leave early so that he could work remotely from home, which he previously discussed with Supervisor Powell and Supervisor Nicol during his FMLA leave as an accommodation for his disabilities.

28.     Supervisor Powell denied Plaintiff's request for the accommodation to work remotely from home.

29.     On or around November 3, 2016, the day Plaintiff was to return to work, Plaintiff needed to go to the emergency room to seek treatment due to suicidal thoughts related to his disabilities.

30.     Upon Plaintiff's arrival to the hospital, Plaintiff was transferred to a Hampton Behavioral Health Center, at which time, Plaintiff was required to surrender his cell phone.

31.     As a result, Plaintiff was unable to personally notify Director Rhoads that he could not return to work.

32.     However, Plaintiff's wife called Director Rhoads to inform her of same.

33.     Director Rhoads told Plaintiff's wife that she would notify the management team of his absence.

34.      Additionally, Plaintiff's wife advised Director Rhoads that she would follow up on how long he would be in the hospital and when he would be expected to return to work.

35.      On or around November 4, 2016, Plaintiff's wife left a voice message for Director Rhoads to inform her that Plaintiff would be cleared to return to work on or around November 7, 2016, and requested Director Rhoads to call her back.

36.      Director Rhoads never returned Plaintiff's wife's call.

37.      On or around November 7, 2016, Plaintiff was discharged from the psychiatric facility.

38.      When Plaintiff received his cell phone, he had several missed calls and text messages, including one from a coworker informing Plaintiff that Defendant fired him.

39.      When Plaintiff arrived home, Plaintiff received a certified letter from Defendant confirming he had been fired, effective November 4, 2016.

40.      Defendant fired Plaintiff due to his disabilities, due to his perceived disabilities, due to his requests for accommodation, due to his need to take protected FMLA leave, and/or to prevent him from taking protected FMLA leave.

41.      As a result of the foregoing, Plaintiff has suffered damages.

**COUNT I**
**Violation of the ADA**
**(Disability Discrimination)**

42.      The foregoing paragraphs are incorporated herein as if set forth in full.

43.      At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

44.      At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

5

45.     The ADA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

46.     Defendant violated Plaintiff's rights under the ADA by discriminating against Plaintiff because of his disabilities.

47.     Defendant violated Plaintiff's rights under the ADA by terminating Plaintiff due to his disabilities.

48.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT II**
**<u>Violation of the ADA</u>**
**<u>(Failure to Accommodate)</u>**

49.     The foregoing paragraphs are incorporated herein as if set forth in full.

50.     Plaintiff requested a reasonable accommodation from Defendants in that he required leave from work to treat his disabilities.

51.     Plaintiff further requested a reasonable accommodation from Defendants in that he sought to be permitted to leave early from work to work remotely from home.

52.     Defendant could have granted the requested the requested accommodation without undue hardship but failed to do so.

53.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT III**
**<u>Violation of the ADA</u>**
**<u>(Retaliation)</u>**

54.     The foregoing paragraphs are incorporated herein as if set forth in full.

55.     Requesting an accommodation for a disability is protected activity under the ADA.

56.    Defendant fired Plaintiff because Plaintiff requested the aforementioned accommodations.

57.    Defendant violated the ADA when it fired Plaintiff because he requested accommodations for his disabilities.

58.    As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
## Violation of the FMLA
## (Interference)

59.    The foregoing paragraphs are incorporated herein as if set forth in full.

60.    Plaintiff was an eligible employee under the definitional terms of the FMLA.

61.    As of August 2015, Plaintiff was employed by Defendant for at least twelve (12) months.

62.    Further, Plaintiff has at least 1,250 hours of service with Defendants during the twelve (12) months prior to the commencement of his FMLA protected leave.

63.    Defendants are engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2016 or preceding calendar year.

64.    Defendant required intermittent leaves of absence in order to treat for his disabilities.

65.    Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with individualized notice of his FMLA rights.

66.    Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated eligibility notice.

7

67.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated rights and responsibilities notice.

68.     Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated designation notice.

69.     Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff for taking intermittent leaves of absence which Defendant should have designated and treated as FMLA protected leave.

70.     Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff to prevent him from taking FMLA leave.

71.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT V**
**Violation of the FMLA**
**(Retaliation)**

72.     The foregoing paragraphs are incorporated herein as if set forth in full.

73.     Plaintiff provided notice to Defendant that he suffered from a serious health condition and that he needed to take certain days off because of said conditions.

74.     Defendant retaliated against Plaintiff by firing Plaintiff for taking and requesting FMLA-qualifying intermittent leave.

75.     Defendant's retaliatory action constitute unlawful acts under the FMLA.

76.     Defendant's violation of the FMLA was both willful and intentional.

77.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VI
## Violation of the PHRA
## (Disability Discrimination)

78.     The foregoing paragraphs are incorporated herein as if set forth in full.

79.     At all times relevant herein, Defendant is and continues to be an "employer" within

the meaning of the PHRA.

80.     At all times relevant herein, Plaintiff was employed by Defendant as an "employee"

within the meaning of the PHRA.

81.     The PHRA prohibits employers, such as Defendant, from terminating an employee

on the basis of a disability.

82.     Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff due to his

disabilities.

83.     Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff because he

requested time off from work to treat and/or evaluate his disabilities.

84.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer

damages.

## COUNT VII
## Violation of the PHRA
## (Failure to Accommodate)

85.     The foregoing paragraphs are incorporated herein as if set forth in full.

86.     Plaintiff requested a reasonable accommodation from Defendants in that he

required leave from work to treat his disabilities.

87.     Plaintiff further requested a reasonable accommodation from Defendants in that he

sought to be permitted to leave early from work to work remotely from home.

88.     Defendant could have granted Plaintiff this accommodation without undue hardship but refused to do so.

89.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VIII
## Violation of the PHRA
## (Retaliation)

90.     The foregoing paragraphs are incorporated herein as if set forth in full.

91.     Requesting an accommodation for a disability is protected activity under the PHRA.

92.     Defendant fired Plaintiff because Plaintiff requested the aforementioned accommodations.

93.     Defendant violated the PHRA when it fired Plaintiff because he requested an accommodation for his disability.

94.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, need for an accommodation, and/or need for protected medical leave;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C.       Plaintiff is to be awarded liquidated in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.       Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.       Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F.       Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*s/ Richard S. Swartz*
Richard S. Swartz, Esq.
Carley A. Doyle, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
(856) 685-7420 Phone
(856) 685-7417 Facsimile

Dated: February 2, 2018

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.