### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| BRIAN MURRY, | : | | |
| | : | | |
| Plaintiff, | : | CIVIL ACTION NO. 18-cv-00445 | |
| vs. | : | | |
| | : | | |
| MEDRISK, INC., | : | **JURY TRIAL DEMANDED** | |
| | : | | |
| Defendant. | : | | |

### **ORDER**

**AND NOW**, this _____ day of _____, 2019, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint For Plaintiff's Failure to Prosecute and Comply With The Court's January 16, 2019, Order, and any Response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED**, and Plaintiff's Complaint is dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

 

_____

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN MURRY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-cv-00445 |
| vs. | : | |
| | : | |
| MEDRISK, INC., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

### DEFENDANT MEDRISK, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THIS COURT'S JANUARY 16, 2019 ORDER

Defendant MedRisk, Inc. ("Defendant"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves to dismiss this action, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute this action and comply with this Court's January 16, 2019 Order.  The basis of Defendant's motion is fully set forth in the Memorandum of Law filed concurrently herewith.  It is respectfully requested that this Honorable Court enter an Order in the form attached hereto.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

Dated: February 21, 2019     By: _/s/ Monica L. Simmons_____
**MONICA L. SIMMONS, ESQUIRE**
Attorney ID No. 323605
2000 Market Street, Suite 2300
Philadelphia, PA  19103
P: (215) 575-2658/F: (215) 575-0856
E-mail:  mlsimmons@mdwcg.com
*Attorney for Defendant MedRisk, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN MURRY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-cv-00445 |
| vs. | : | |
| | : | |
| MEDRISK, INC., | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |

**DEFENDANT MEDRISK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THIS COURT'S JANUARY 16, 2019 ORDER**

**I.     INTRODUCTION**

Defendant MedRisk, Inc. ("Defendant"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves to dismiss this action, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff Brian Murry's ("Plaintiff") failure to prosecute this action and comply with this Court's January 16, 2019 Order. For the reasons set forth herein, the majority of the *Poulis* factors weigh in favor of dismissal of this action. Plaintiff has seemingly had no contact with the Court or his own counsel since February 2, 2018, when he filed the complaint in this action. Defendant will be prejudiced if they are forced to continue to defend an action Plaintiff has shown no interest in prosecuting. Accordingly, Defendant respectfully requests that this Honorable Court grant Defendant's motion, and dismiss this action, with prejudice.

**II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Brian Murry ("Plaintiff") filed the instant action against Defendant on February 2, 2018.  (Doc. No. 1). Plaintiff's Complaint alleges the Defendant wrongfully terminated and

retaliated against Plaintiff for requesting and utilizing leave under the Family and Medical Leave Act ("FMLA").  It asserts claims under the American with Disabilities Act ("ADA"), the FMLA, and the Pennsylvania Human Relations Act ("PHRA").  (*Id.*)  Plaintiff was initially represented by Swartz Swidler, LLC.

Defendant filed an answer to the Complaint on April 9, 2016.  (Doc. No. 6).  On September 6, 2018, the Court held an initial scheduling conference, at which it set certain case management deadlines.  (Doc. No. 7).

Defendant served written interrogatories and requests for production on Plaintiff on August 30, 2018.  To date, Plaintiff has not responded to the written discovery requests. Upon receipt of Defendant's discovery requests, Plaintiff's counsel made numerous attempts to contact Plaintiff at the telephone number that Plaintiff provided his attorneys at the outset of the case.  (*See* Doc. No. 11 at ¶ 6). Plaintiff's counsel also attempted to reach Plaintiff through e-mail and telephone contact with his ex-wife.  (*Id.* at ¶¶ 7-8).

On September 18, 2018, Plaintiff's counsel sent a certified letter to Plaintiff's last known address.  The letter asked Plaintiff to contact Plaintiff's counsel as soon as possible and warned him that Plaintiff's counsel would seek to withdraw its representation should Plaintiff chose not to respond to the letter. (*Id.* at ¶ 9).  An individual by the name of Cheryl Murry signed receipt of Plaintiff's counsel's September 18, 2018.  On September 28, 2018, Plaintiff's counsel sent another certified letter to Plaintiff's last known address requesting that Cheryl Murry contact the firm.  (*Id.* at ¶ 11). On October 10, 2018, Plaintiff's counsel retained a private investigator to locate Plaintiff.  (*Id.* at ¶ 12, Ex. A).

On November 14, 2018, Plaintiff's counsel notified defense counsel that it intended to withdraw as counsel. (*Id.* at ¶ 14).  On November 20, 2018, Defendant filed a motion to compel

discovery. (Doc. No. 10). On November 28, 2018, while Defendant's motion to compel remained pending, Plaintiff's counsel moved to withdraw its appearance as counsel of record for Plaintiff in this matter. Plaintiff's counsel also asked for a stay of these proceedings for a period of sixty (60) days. (Doc. No. 11).

On December 17, 2018, the Court issued an Order which: (1) extended all case management deadlines by sixty (60) days; (2) ordered Plaintiff's counsel to serve a copy of its motion to withdraw at Plaintiff's last known address by certified mail; (3) ordered Plaintiff's counsel to provide the Court with an update on its efforts to locate Plaintiff by Monday, January 14, 2019; and (4) denied Defendant's Motion to Compel without prejudice to refile the motion after the Court had ruled on the motion to withdraw. (Doc. No. 13).

On January 14, 2019, Plaintiff's counsel wrote to this Court, in accordance with the December 17, 2018, to provide the Court with an update on its efforts to locate Plaintiff. *See* January 14, 2019, letter correspondence from Carley A. Doyle, attached hereto as Exhibit A. Plaintiff's counsel informed the Court that its efforts to locate Plaintiff's whereabouts had been unsuccessful and that it had not received any response from Cheryl Murry. (*Id.*). Plaintiff's counsel attempted to send a copy of the Motion to Withdraw to Plaintiff's last known address by certified mail; however, the certified delivery was unsuccessful because no one was available to accept service at the address. (*Id.*).

By Order dated January 16, 2019, the Court granted Plaintiff's counsel's Motion to Withdraw. (Doc. No. 14). The Court order Plaintiff to retain new counsel by February 15, 2019, or face dismissal of this action for lack of prosecution under Federal Rule of Civil Procedure 41(b). (*Id.*).

More than thirty days have elapsed since the entry of the Court's January 16, 2019, Order. Plaintiff has neither retained new counsel nor informed the Court that he intends to proceed *pro se*.

### III. APPLICABLE LEGAL STANDARDS AND ARGUMENT

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action or claim pending against it in the event that a plaintiff "fails to prosecute" or comply with a court order. Fed. R. Civ. P. 41(b). The decision to dismiss an action for a plaintiff's failure to prosecute and/or comply with court orders requests soundly in the discretion of the Court, and the Court's decision will not be disturbed absent an abuse of the that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). In determining whether to exercise its discretion to dismiss an action pursuant to Rule 41(b), a district court must balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 868, 868 (3d Cir. 1994). These six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claim or defense (hereinafter referred to as the "*Poulis* factors"). *See id.,* 747 F.2d at 868.

The Court need not find that all of the *Poulis* factors weigh against the non-moving party in order to dismiss a plaintiff's claims. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ."). No single *Poulis* factor is dispositive, *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003), and it is well-settled

that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek,* 964 F.2d at 1373.

    1.  **The First *Poulis* Factor Weights in Favor of Dismissal.**

In this case, the majority of the *Poulis* factors weigh in favor of dismissal. The first *Poulis* factor, the extent of the party's personal responsibility, weighs heavily in Defendant's favor. Plaintiff has not actively participated in this litigation for more than a year. He failed to respond to Defendant's discovery requests and has even evaded his own attorneys. Plaintiff's failure to provide contact information to his counsel and participate in the prosecution of this action warrants dismissal under the *Poulis* analysis. *See Felton v. UPMC Seneca Place,* Civil Action No. 05-cv-1774, 2006 WL 2850626, *2 (W.D. Pa. Oct. 3, 2006) (dismissing action under *Poulis* balancing test where plaintiff's counsel could not locate his client to respond to discovery and finding that "plaintiff's failure to provide contact information to her attorney" warranted such dismissal).

    2.  **The Second *Poulis* Factor Weights in Favor of Dismissal.**

Similarly, the second *Poulis* factor – the prejudice to the adversary caused by the plaintiff's lack of prosecution – calls for a dismissal of this action. Defendant has incurred the expense of drafting and serving discovery requests; drafting a motion to compel; and drafting the instant motion to dismiss. The incurrence of such expenses constitutes prejudice under the *Poulis* test. *See Hall v. Holman,* 265 F. App'x 135, 137 (3d Cir. 2008) (non-precedential opinion) (affirming Rule 41(b) dismissal and holding that defendants were prejudiced under *Poulis* because they were forced to file motions to seek plaintiff's compliance with discovery requests and to enlarge the discovery period). Defendants have no means of moving this case

toward resolution if Plaintiff fails to cooperate with either the Federal Rules of Civil Procedure or the orders of this Court.  Accordingly, this factor also weighs in Defendant's favor.

### 3. The Third *Poulis* Factor Weights in Favor of Dismissal.

Likewise, the third factor – whether the non-moving party has a history of dilatoriness – also weighs in favor of the defense. In the context of the *Poulis* analysis, "extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994).  In this case, Plaintiff has shown a history of dilatoriness throughout the course of this litigation.  Plaintiff has failed to respond to discovery requests that were served on him nearly six months ago. Plaintiff has repeatedly failed to contact his own counsel, which spurred Plaintiff's counsel to withdraw their representation. And Plaintiff has failed, to date, to respond to the Court's January 16, 2019, Order. As such, Plaintiff has shown a history of dilatoriness, and the second *Poulis* factor weighs in favor of granting the instant motion.

### 4. The Fourth *Poulis* Factor is Neutral in the Present Analysis.

Defendant concedes that the fourth factor – whether Plaintiff's conduct was willful or in bad faith – is neutral in the present analysis.  When considering this factor, the Court must consider whether plaintiff's conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams,* 29 F.3d at 875 (internal quotation marks and citation omitted).  Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.*; *see also Emerson,* 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence).  Defendants submit that Plaintiff demonstrated a willful disregard for procedural rules and court directives when he failed to respond to both this Court's January 16, 2019, Order,

and his counsel's repeated requests for contact. However, the Court has had no contact with Plaintiff, and, as such, cannot discern the willfulness of his conduct. As such, this factor also weighs in favor of dismissal.

### 5. The Fifth *Poulis* Factor Also Militates in Favor of Dismissal.

The fifth *Poulis* factor also militates dismissal of this action. Ordinarily, the court must consider the availability of sanctions alternative to dismissal. *Poulis,* 747 F.2d at 869. However, where a plaintiff is proceeding *pro se,* as is the case here, it has been found that no alternative sanctions exist because monetary sanctions, including attorneys' fees, "would not be an effective alternative." *Emerson,* 296 F.3d at 191. Under the instant circumstances, where the Court is faced with the complete lack of cooperation on the part of the individual who instituted this action, the only appropriate sanction is dismissal. Accordingly, the fifth *Poulis* factor also weighs in favor of dismissal.

### 6. The Sixth *Poulis* Factor Also Weighs in Favor of Dismissal.

The sixth and final *Poulis* factor – the meritoriousness of Plaintiff's claims – also weighs in Defendant's favor. Defendant is Plaintiff's former employer. Plaintiff has asserted claims under the Americans with Disability Act ("ADA") and the Family and Medical Leave Act ("FMLA"). Each of Plaintiff's claims lack merit, for the reasons that follow.

#### a. FMLA Interference Claim Lacks Merit Because Plaintiff Cannot Prove At Least One of the Requisite Elements of the Claim.

In his Complaint, Plaintiff alleges that Defendant (1) interfered with his FMLA rights, and (2) retaliated against him for exercising his FMLA rights. To prevail in an FMLA interference action, the plaintiff must show (1) that he was an eligible employee under the FMLA, (2) that his employer was subject to the requirements of the FMLA, (3) he was entitled to leave under the FMLA, (4) he gave notice to the defendant of his intention to take FMLA

leave, and (5) Plaintiff was *denied a benefit or benefits to which he was entitled under the FMLA. See Capps v. Mondelez Global, LLC,* 847 F.3d 144, 155 (3d Cir. 2017) (quoting *Ross v. Gilhuly,* 755 F.3d 185, 191-192 (3d Cir. 2014)).  Plaintiff cannot satisfy the fifth element of this claim because he was approved for and utilized all of his FMLA leave.  *See* a true and correct copy of Plaintiff's Separation Letter, attached hereto as Exhibit A.  There is absolutely no evidence in the record that Defendant withheld FMLA benefits from Plaintiff.  Accordingly, Defendant is prepared to seek summary judgment on Plaintiff's FMLA interference claim.

> **b. Plaintiff's FMLA Retaliation Claim Also Lacks Merit Because Plaintiff Cannot Establish That His Termination Was Causally Connected to His Use of FMLA Leave.**

In Count V of his Complaint, Plaintiff alleges that Defendants retaliated against Plaintiff for taking and/or requesting FMLA-qualifying intermittent leave by terminating him.  (*See* Doc. No. 1 at ¶¶ 74-77).  Since "FMLA retaliation claims require proof of the employer's retaliatory intent, courts have assessed these claims through the lens of employment discrimination law." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.,* 691 F.3d 294, 302 (3d Cir. 2012).  Accordingly, Plaintiff's FMLA retaliation claim must be assessed using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  Under the *McDonnell Douglas* Framework,

> a plaintiff must first establish a prima facie case of discrimination.  If the plaintiff succeeds, the defendant must articulate a legitimate, non-discriminatory reason of the adverse employment action.  The burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, that the articulated reason was a mere pretext for discrimination.

*Ross,* 755 F.3d at 193.

Plaintiff cannot establish a *prima facie* case under this framework because he has not, and cannot, demonstrate that his use of FMLA-qualifying leave was causally connected to his

termination.  Even assuming, *arguendo*, that Plaintiff can establish a *prima facie* case, which Defendant does not concede for the purposes of this motion, Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff, namely, that he did not return to work at the end of his FMLA leave period and abandoned his post.  *See* Ex. A.  Plaintiff has not adduced any evidence to date that would allow a reasonable factfinder to conclude that this articulate reason for Plaintiff's termination was pretextual and/or that Defendant acted with retaliatory intent.  Accordingly, Defendant submits that Plaintiff's FMLA retaliation claim also lacks merit.

  c. **Plaintiff's ADA Claims Also Lack Merit.**

In Counts I, II, and III of his Complaint, Plaintiff asserts claims for retaliation, discrimination, and failure to accommodate under the ADA.  In his Complaint, Plaintiff alleges that he suffers from bipolar disorder, and suffers from depression and anxiety. (Doc. No. 1 at ¶ 12).  Plaintiff alleges that Defendant failed to accommodate his disability by denying him the opportunity to work remotely from home.  Plaintiff also alleges that Defendant terminated Plaintiff because he revealed his disorder and requested the aforementioned accommodation.  As discussed *supra*, and as articulated in Plaintiff's separation letter, Defendant terminated Plaintiff because he did not notify Defendant of his intent to return to work after the exhaustion of his FMLA-qualifying leave.  *See*  Ex. A.  Plaintiff's termination was consistent with Defendant's established policies and procedures.  *See* MedRisk's FMLA policy, attached hereto as Exhibit B.  Defendant terminated Plaintiff under the honest belief that he had abandoned his employment.  There is absolutely no evidence that Defendant terminated Plaintiff because of his actual and/or perceived disability, or in retaliation for his request for accommodations.

To establish that Defendant breached its duty to provide a reasonable accommodation, a plaintiff must demonstrate: (1) that he was disabled and his employer knew it; (2) he requested

an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated. *Armstrong v. Burdette Tomlin Mem'l Hosp.,* 438 F.3d 240, 246 (3d Cir. 2006). "If the plaintiff satisfies his or her burden, the defendant then has the burden to demonstrate that the proposed accommodation creates an 'under hardship' for it." *Walton v. Mental Health Ass'n of Se. Penn.,* 168 F.3d 661, 670 (3d Cir. 1999). The ADA defines 'undue hardship' as 'an action requiring significant difficulty or expense, when considered in light of [a series of factors].'" *Id.* Among the factors to be considered are 'the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility." *Id.* (quoting 42 U.S.C. § 12111(10)(A)(B)). "Reasonable accommodation" further includes "the employer's reasonable efforts to assist the employee and to communicate with the employee in good faith under what has been termed a duty to engage in the 'interactive process.'" *Williams v. Phila. Hous. Auth. Police Dep't,* 380 F.3d 751, 761 (3d Cir. 2004).

Defendants are prepared to submit evidence that (1) Plaintiff was transitioning into a new role and, therefore, the requested accommodation would create an undue hardship on Defendant's operations and (2) Defendant did not have an opportunity to engage in the interactive process with Plaintiff because he never returned to work after the start of his FMLA-qualifying leave period. *See* e-mail correspondence attached hereto as Exhibit C.

Even if the Court is disinclined to evaluate the merit of one or more of Plaintiff's claims at this stage in the litigation, the balance of the *Poulis* factors support dismissal.

**IV.    CONCLUSION**

Five of the six *Poulis* factors support dismissal of the instant action. Plaintiff has failed to respond to Defendant's discovery requests, provide this Court with a current address or otherwise respond to the Court's January 16, 2019, Order. Accordingly, in light of Plaintiff's

abject failure to prosecute this action, Defendant respectfully requests that the Court grant this motion, and dismiss this action, with prejudice, pursuant to Rule 41(b).

Respectfully submitted,

MARSHALL DENNEHEY WARNER<br>COLEMAN & GOGGIN

Dated: February 21, 2019          By: _/s/ Monica L. Simmons_

MONICA L. SIMMONS, ESQUIRE<br>
Attorney ID No. 323605<br>
2000 Market Street, Suite 2300<br>
Philadelphia, PA  19103<br>
P: (215) 575-2658/F: (215) 575-0856<br>
E-mail:  mlsimmons@mdwcg.com<br>
<em>Attorney for Defendant MedRisk, Inc.</em>

## CERTIFICATE OF SERVICE

I, Monica L. Simmons, Esquire, hereby certify that a true and correct copy of Defendant MedRisk, Inc.'s Motion to Dismiss Plaintiff's Complaint For Plaintiff's Failure to Prosecute and Comply With The Court's January 16, 2019, Order, was sent to Plaintiff Brian Murry's last known address, listed below, on the 21st day of February, 2019.

> Mr. Brian Murry
> 5136 Hazel Avenue
> Philadelphia, PA 19143

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

Dated: February 21, 2019    By: */s/ Monica L. Simmons*

**MONICA L. SIMMONS, ESQUIRE**
Attorney ID No. 323605
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2568
E-mail: mlsimmons@mdwcg.com
*Attorney for Defendant, MedRisk, Inc.*